IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>     Plaintiffs,<br><br>v.<br><br>GERALD K. SMITH, et al.,<br><br>     Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00784-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This case was referred to the Court under 28 U.S.C. 636(b)(1)(B). (Dkt. 13.) The underlying allegations include conspiracy and fraud related to an oil and gas operation. Plaintiff moves to have counsel for Defendants disqualified and requests sanctions. (Dkt. 12 & 18.)

## II.    ANALYSIS

Plaintiff argues that counsel facilitated filing of false declarations and should therefore be disqualified. (Dkt. 12 & 18 at 4–6.) Defendants argue that Plaintiff failed to comply with the requirements of Rule 11 in seeking sanctions. Defendants do not address the issue of disqualification. (Dkt. 16.) The Court has discretion when deciding whether to disqualify counsel. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

Plaintiff's allegations of perjury are not supported by the record. "Contradictions and changes in a witness's testimony alone do not constitute perjury . . . ." *Tapia v. Tansy*, 926 F.2d 1554, 1563 (10th Cir. 1991). Here, Defendant Ray Ash filed a declaration claiming he did not receive service of the complaint and summons, and later Ash retracted that claim and acknowledged that he had been served. (*Compare* Dkt. 8, Attachment 3 *and* Dkt. 15, Attachment

1.) Defendant Ash claims that he mistook the complaint and summons in this case for documents related to a state court case involving the same defendants. Such a mistake is understandable for a defendant unfamiliar with litigation. Ash withdrew his statement and his motion once he realized his mistake. The time between the original declaration and the withdrawal was just over two weeks. (*See* Docket.) On the facts presented, the Court does not find that Ash intentionally misstated information in his declaration. Accordingly, the Court will not infer any improper motive on the part of Ash's counsel. Based on the foregoing, the Court denies Plaintiff's motion to disqualify counsel and the request for sanctions.

### III.     ORDER

For the reasons analyzed above, the Court **DENIES** Plaintiff's motion to disqualify counsel and request for sanctions without prejudice. (Dkt. 12 &18.)[1] Plaintiff may renew the motion if new information comes to light.

Dated this 23rd day of February, 2015.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] Plaintiff included identical requests for disqualification and sanctions in his memoranda opposing defendants' motion to dismiss (Dkt. 11.) and motion to set aside the default. (Dkt. 17.) These requests are denied for the additional reason that motions may not be made in a response or reply memorandum. D.U. Civ. R. 7-1(b)(1)(A).