IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GERALD K. SMITH, et al.,<br><br>　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00784-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

　　　　This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 13). The case arises out of Dean H. Christensen's complaint alleging, among other claims, conspiracy and fraud related to an oil and gas operation. (Dkt. No. 1). Mr. Christensen served the complaint on one of the defendants, Ray Ash, and obtained a default certificate against Mr. Ash when Mr. Ash failed to timely respond. (Dkt. No. 7). The Defendants filed a motion to dismiss, and Mr. Ash supported the motion with a declaration in which he claimed he had not been served with process. (Dkt. No. 8). Subsequently, Mr. Ash filed a motion to set aside the default judgment and accompanied it with a second declaration, in which he clarified that he had been served but mistakenly believed the process was related to a similar lawsuit proceeding in state court. (Dkt. No. 14).

　　　　After briefing from the parties, Judge Pead issued a Report and Recommendation, recommending that the court grant Mr. Ash's motion to set aside the default judgment. (Dkt. No. 25). Judge Pead reasoned that there was good cause to set aside default and that Mr.

Ash's failure to respond to the complaint appeared to be the result of inadvertence, not intentional conduct. (*Id.*) Mr. Christensen has objected to the Report and Recommendation in this respect, claiming that Mr. Ash committed perjury when he submitted the original declaration attesting that he had not been served. (Dkt. No. 27).

After conducting a de novo review of the file, the court agrees with Judge Pead's thorough and thoughtful Report and Recommendation. In particular, the court notes that contrary to Mr. Christensen's contention, Mr. Ash's second declaration does not reveal Mr. Ash committed perjury. Rather, the second declaration merely clarifies that Mr. Ash did not initially believe he had been served with process in this matter because he mistook the process for papers filed in the related lawsuit. Thus, the court agrees with Judge Pead that Mr. Ash's failure to respond to the complaint appears to have been unintentional.

Accordingly, the court hereby APPROVES AND ADOPTS Judge Pead's Report and Recommendation in its entirety. If Defendant Ash wishes to file an answer or otherwise respond to Mr. Christensen's complaint, he must do so within **fourteen (14)** days after being served with a copy of this order.

SO ORDERED this 25th day of September, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

2