IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN, | REPORT AND RECOMMENDATION |
| Plaintiffs, | Case No. 2:14-cv-00784-CW-DBP |
| v. | District Judge Clark Waddoups |
| GERALD K. SMITH, et al., | Magistrate Judge Dustin B. Pead |
| Defendants. | |

## I.     **INTRODUCTION**

This case was referred to the court under 28 U.S.C. 636(b)(1)(B). (ECF No. 13.) The underlying allegations include conspiracy and fraud related to certain oil and gas operations. Defendants filed a second "Motion to Dismiss Amended Complaint" arguing that Plaintiff failed to state a viable claim for relief in his First Amended Complaint ("Complaint"). (ECF No. 33.)

## II.     **ANALYSIS**

Plaintiff's Complaint  alleges that Defendants committed violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically subsections 18 U.S.C. §§ 1962(c) and (d). Plaintiff also alleges fraud and defamation.

Defendants Gerald K. Smith, Robert Jennings, Ray Ash,[1] and Austin Smith ("Defendants") filed this motion to dismiss. Defendants argue that Plaintiff has improperly pled his RICO claims, lacks standing to pursue his RICO claims, and the court lacks jurisdiction over any state

---

[1] As Defendant Ash points out, he filed this motion to dismiss with the other Defendants. (ECF No. 58.) The court already indicated that it would treat the motion as a timely response to the Amended Complaint. Accordingly, Plaintiff's Motion for Default must be denied. (ECF No. 57.)

law claims because there is not complete diversity between Plaintiff and Defendants. (ECF No. 33.) Plaintiff opposes the motion, arguing that he has standing because Defendants' conduct directly affected a certain well, in which Plaintiff claims some ownership interest. (ECF No. 37.) Plaintiff also argues that his Complaint alleges sufficient facts to support a RICO claim. (*Id.*) Plaintiff appears to concede that there is not complete diversity here. (*See id.* at 11.)

### a. __Plaintiff fails to state a claim under 18 U.S.C. 1962(c)__

"To survive a Rule 12(b)(6) motion, a civil RICO claim must allege the defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan*, 453 F.3d 1244, 1269 (10th Cir. 2006). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, this court must refrain from acting as counsel for Plaintiff. *Id.* Further, despite Plaintiff's pro se status, he is still bound by the Rules of Civil Procedure, which require heightened pleading of RICO claims predicated on fraud. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Contrary to Defendants' assertion, however, the heightened pleading standard applies only to the RICO allegations predicated on fraud, not every aspect of Plaintiff's RICO claim. *See Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) ("Defendants confuse the requirement to plead with particularity RICO acts predicated upon fraud pursuant to Rule 9(b) with Rule 8's more general notice pleading typically required of all litigants.").

### 1. Predicate acts

Defendants argue that Mr. Christensen failed to adequately plead the requisite predicate acts to support his RICO claim. A RICO plaintiff must plead at least two predicate acts. *Deck v.*

*Engineered Laminates*, 349 F.3d 1253, 1255 (10th Cir. 2003) (citing 18 U.S.C. § 1961(1)). Plaintiff fails to plead any RICO predicate here.

Plaintiff's Complaint does not identify any predicate acts. While the Complaint contains conclusions that Defendants engaged in money laundering, mail fraud, and wire fraud, it does not allege facts that could be construed to allege the necessary elements of any of these offenses.

### A.   Mail and wire fraud

The mail and wire fraud allegations are not pled with the requisite particularity. RICO claims that allege fraud as a predicate act must be pled with specificity under Rule 9(b) *E.g. Cayman* at 1362.  "Thus, a complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quotations and alteration omitted). Plaintiff "must also identify the purpose of the mailing within the defendant's fraudulent scheme." *Id.* In other words, "a plaintiff alleging fraud must know what his claim is when he files it." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 990 (10th Cir. 1992).

Plaintiff has not sufficiently identified any purportedly fraudulent communications with the particularity required by Rule 9(b). Plaintiff alleges that various third parties have been deceived. Plaintiff mentions a purported Ponzi scheme, but does not allege that he invested in it or that Defendants operated it. Plaintiff alleges that Defendants sent interstate communications containing "false invoices" during the period from 2008 to 2014. (ECF No. 53 at13.) These allegations of wire fraud likewise fail to meet the strictures of Rule 9(b). Plaintiff has not described these allegedly false invoices. Likewise, he does not describe any misstatement contained in the invoices, nor does he identify the individual responsible for sending the invoices. In sum, Plaintiff has not indicated that any particular Defendant made a false statement,

let alone when any such statement was made, or what consequences followed. Rule 9(b) requires much more detail.

### B.  Money Laundering

The Complaint does not sufficiently allege the predicate act of money laundering. Plaintiff alleges that Defendants "conducted . . . money laundering" and Defendant Smith "therefore retained the services of other [D]efendants to create shell companies, again to hide assets and to launder funds." (ECF No. 53 at 13, 16.) Plaintiff also refers to six wire transfers made to Energy Drilling Services, LLC, but does not otherwise describe the transfers. (*Id.* at 13.)

Here, Plaintiff has not sufficiently pled his money laundering claim. While Plaintiff's factual allegations must be treated as true, the court is not obligated to accept his unsupported conclusions that Defendants committed money laundering. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") Plaintiff has recited only a bare conclusion that Defendants laundered funds. Plaintiff has not pled facts that could establish a money laundering violation pursuant to 18 U.S.C. § 1956. For example, Plaintiff has not identified proceeds from any "specified unlawful activity" as defined in the money laundering statute. Presumably, Plaintiff intends to show that funds were obtained through fraud, but he has not pled fraud with the requisite particularity. This is fatal to the fraud claim and to money laundering predicated upon such fraud. *See* 18 U.S.C. § 1956; *Tymoshenko v. Firtash*, 57 F. Supp. 3d 311, 323 (S.D.N.Y. 2014); *see also Zigman v. Giacobbe*, 944 F. Supp. 147, 157 (E.D.N.Y. 1996) (treating as "specified unlawful activity" only the single instance of alleged mail fraud properly pled under Rule 9(b)). Thus, while Plaintiff concludes that Defendants have laundered funds, he has

not alleged sufficient facts to support this conclusion. Accordingly, the Complaint fails to state a claim for RICO predicated on money laundering.[2]

## 2. Defendants' participation in an ongoing enterprise

Defendants assert that Plaintiff's RICO claims fail to identify the existence of a RICO enterprise, and also fails to identify the participation of any of the Defendants in an enterprise. The court agrees.

### A. Existence of enterprise

Plaintiff does not allege facts sufficient to establish the existence of a RICO enterprise. While the court liberally interprets Plaintiff's pleadings, it cannot draft those pleadings. *See* 935 F.2d at 1110. First, Plaintiff's RICO allegations mention two specific non-party entities, but Plaintiff does not allege that any of these entities are the alleged RICO enterprise. (ECF No. 53 at 15–16.) Plaintiff's general allegations discuss several additional entities, but Plaintiff likewise does not identify any of these entities as the alleged RICO enterprise.

Additionally, Plaintiff's opposition suggests that he attempted to allege an association-in-fact RICO enterprise. Plaintiff has not sufficiently pled or described in his opposition an association-in-fact. "An association-in-fact requires: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit those associated with the enterprise to pursue the enterprise's purpose." *United States v. Kamahele*, 748 F.3d 984, 1003 (10th Cir. 2014). Plaintiff refers to Defendants collectively and alleges various wrongful or unkind acts, but Plaintiff does not describe any relationship among the individuals that constitutes an association-in-fact. Plaintiff's vague pleading suggests that Defendants are both the enterprise and its participants, but this court has rejected such an approach:

---

[2] Because the court concludes Plaintiff has failed to sufficiently plead racketeering activity, it does not reach the issue of Plaintiff's alleged failure to plead a pattern of such activity.

> Simply put, the Plaintiffs have not plead[ed] facts sufficient to distinguish between the RICO "persons" and the RICO "enterprise." To the contrary, the complaint clearly asserts that the "persons" and the "enterprise" are one and the same: both are made up of all of the Defendants. There are not facts to support even an inference that the joint actions of the Defendants were carried out through a separate and distinct entity that could constitute a RICO enterprise.

*Wood v. World Wide Ass'n of Specialty Programs & Sch., Inc.*, No. 06-708, 2011 WL 3328931, at *5 (D. Utah Aug. 2, 2011).[3] Thus, Plaintiff failed to properly identify a RICO enterprise.

### B. Defendants' participation in an enterprise

Similarly, Plaintiff fails to allege that each of the Defendants participated in the "operation or management of the enterprise" as contemplated in *Reves v. Ernst & Young*. 507 U.S. 170, 185 (1993). This deficiency is closely related to Plaintiff's failure to identify the enterprise and individuals participating in that enterprise. Plaintiff only includes a general suggestion that Defendants acted together and individually or collectively engaged in various acts. Plaintiff's Complaint takes the "shotgun" pleading approach which has been rejected as "too vague and conclusory to state a claim for relief under RICO." *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). Thus, Plaintiff failed to identify the RICO enterprise and the Defendants' alleged operation of that enterprise.

### b. **Plaintiff also fails to state a viable claim under 18 U.S.C. 1962(d)**

"By its terms, § 1962(d) requires that a plaintiff must first allege an independent violation of subsections (a), (b), or (c), in order to plead a conspiracy claim under subsection (d)." *Tal v. Hogan*, 453 F.3d 1244, 1270 (10th Cir. 2006) ("If a plaintiff has no viable claim under § 1962(a), (b), or (c), then its subsection (d) conspiracy claim fails as a matter of law."). Plaintiff's

---

[3] In addition to the Complaint, Plaintiff's opposition to the motion to dismiss further underscores the lack of distinction between the RICO persons and the enterprise. (*See* ECF No. 37 at 9.)

subsection 18 U.S.C. 1962(c) claims fail for the reasons stated above. Accordingly, Plaintiff's

allegations under subsection 1962(d) fail to state a viable claim for relief.

### c.  <u>**Plaintiff sufficiently alleged proximate cause, or RICO "standing"**</u>

Defendants argue that Plaintiff fails to allege RICO standing. "[S]tanding for private

individuals under RICO requires a plaintiff to have 'been injured in his business or property by

the conduct constituting the violation.'" *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006)

(quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479 (1985)). Plaintiff's pleading need only

allege injury in conformance with Rule 8's notice-pleading requirement. *See Robbins v. Wilkie*,

300 F.3d 1208, 1211 (10th Cir. 2002) (citing *NOW v. Scheidler*, 510 U.S. 249 (1994)). In *Tal*, the

Tenth Circuit found that the president and founder of a company lacked standing to bring RICO

claims that alleged only harm to company property, not property owned by plaintiff individually.

*Id.* at 1253–54. Yet, in *Robbins*, the Tenth Circuit found plaintiffs properly pled facts to allege

standing where they alleged merely "that the RICO conspiracy had injured the plaintiffs'

business and/or property interests. . . ." *Id.* (internal quotation and alterations omitted). The Tenth

Circuit recently clarified that this issue is one "involving statutory interpretation rather than

prudential [standing] considerations." *Niemi v. Lasshofer*, 770 F.3d 1331, 1344 (10th Cir. 2014)

(citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377, 188

L. Ed. 2d 392 (2014)).

Given the Tenth Circuit's recent precedent, the court finds it unwise, if not impossible, to

decide this issue at the present time. This issue presents a problem of proximate cause rather than

the court's power to hear this case. Plaintiff alleges that Defendants' actions injured him

financially. The precedent cited by Defendants does not appear to require more at this stage.

**d.** __In the absence of any properly pled federal claim, or diversity jurisdiction, the court should not exercise jurisdiction over Plaintiff's remaining claims__

As Defendants point out, complete diversity is not present here. Plaintiff alleges that he and Defendant Ray Ash are both citizens of Utah. (ECF No. 53 at 1–2.) Accordingly, the court does not enjoy diversity jurisdiction here. *See* 28 U.S.C. § 1332.

Also, the court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. This case is in its infancy. Defendants have not yet filed an answer. Thus, the district court should not exercise supplemental jurisdiction over the remaining claims. Instead, those claims should be dismissed without prejudice.  *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997) ("The most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice.") (alteration omitted).

**e.** __Plaintiff should be permitted a final opportunity to seek to amend his complaint__

Plaintiff includes a half-sentence request that he be granted leave to amend his complaint. This request is insufficient. The court recognizes that a party should generally be granted an opportunity to amend claims prior to dismissal with prejudice. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).Yet, a request to amend "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Id.* The district court in *Hall* found that the pro se plaintiff in that case had not explained how a proposed amendment could cure the deficiencies that justified dismissal. The Tenth Circuit stated that it does "not require district

courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists . . . ." *Id.*

Here, the court has considered the request to amend, but like the court in *Hall*, it finds that Plaintiff has not described or justified any amendment. Nonetheless, Defendants offer no authority to support their request to dismiss the claims with prejudice and without any opportunity to amend. The Tenth Circuit does not appear to condone such harsh treatment of a pro se litigant. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") Thus, the court recommends the district court dismiss the federal claims without prejudice. Plaintiff should be afforded one final opportunity to file a motion to amend if he believes the deficiencies can be cured. That motion must comply with the requirements of Federal Rule of Civil Procedure 15 as well as this District's Civil Rule 15-1.

### III.    RECOMMENDATION

For the reasons analyzed above, the court **RECOMMENDS GRANTING** Defendants' "motion to dismiss amended complaint" (ECF No. 33.). Plaintiff's claims should be dismissed without prejudice.

The court **FURTHER RECOMMENDS DENYING** Plaintiff's "motion for entry of default against Defendant Ray Ash/ motion for Sanctions against Defendants['] counsel." (ECF No. 57.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 21st day of March 2016.       By the Court:

_____

Dustin B. Pead
United States Magistrate Judge